Abraham N. Gelier, J.
Defendant’s motion for inspection of the Grand Jury minutes and dismissal of the indictment raises the question as to whether our courts have jurisdiction of the crime charged. Defendant contends that the six counts in the indictment relate to an alleged larceny and misappropriation of two separate sums of money, which, if they occurred, could have occurred only in California. The People maintain that our State has jurisdiction by virtue of subdivision 1 of section 1930 of the Penal Law, which subjects to punishment within this State ‘ ‘ A person who commits within this state any crime, in whole or in part
The test laid down in the leading case of People v. Werblow (241 N. Y. 55, 61), where the crime is consummated or accomplished in another jurisdiction but some act in the chain of causation on the part of a defendant is alleged to have been done in this State, is whether “ the act within this State is so related to the crime that if nothing more had followed, it would amount to an attempt.”
Am attempt to commit a crime is defined in section 2 of the Penal Law as “ An act, done with intent to commit a crime, and tending but failing to effect its commission ”. The intent must exist conjointly with an overt act. The act in New York must be a constituent part of the basic crime, that is, one which crosses the line that divides execution, partial or complete, from mere incitement and preparation (see People v. Werblow, supra, pp. 62-67; but note distinction drawn pp. 66-67 when the crime charged is conspiracy).
The transaction here involved relates to an offering of stock pursuant to the provisions of a prospectus naming defendant’s corporation as the underwriter on an “ all-or-none ” compensation basis for a 30-day selling period (60 days at the option of the stock corporation). The prospectus provided, and the underwriter agreed in a signed writing, that, until the entire issue was sold, all payments received from subscribers would be escrowed in a separate account with the Bank of America National Trust and Savings Association, Los Angeles, California, the undersigned underwriter acting ‘ ‘ as agent or trustee for the persons who have the beneficial interest therein ’ ’; and *708 failing the sale of the entire issue within the foregoing period, that all payments received would be promptly returned to subscribers.
There are two sums of $50,000 and $15,000 respectively received from two subscribers dealt with in the alternative counts of the indictment. The first and second counts charge grand larceny in violation of section 1290 of the Penal Law, the third and fourth charge grand larceny in violation of section 1302 of the Penal Law, and the fifth and sixth charge a violation of section 352-e of the General Business Law.
Section 1290 involves stealing with intent to deprive and defraud and to appropriate to one’s own use. Section 1302 charges a person acting as “ trustee ” or in any other fiduciary capacity with larceny if he “ secretes, withholds or otherwise appropriates to his own use ” any money or property. The General Business Law provision deals with frauds, misrepresentations and fraudulent practices in respect to stocks and other securities.
The larceny counts are framed in the language of the applicable sections. The General Business Law counts allege defendant’s representation that the two sums here involved would be deposited in the escrow account in accordance with the terms of the prospectus; that the two checks payable to the order of Bank of America N. T. & S. A. were delivered to defendant to be so deposited; that defendant received the checks, did not deposit them in the escrow account but fraudulently appropriated the proceeds to his own use.
The minutes of the Grand Jury disclose a constituent overt act in this State on the part of this defendant, which, in addition, may be the basis for an inference by a trial jury as to his intent to appropriate to his own use. The minutes also disclose a further act performed by the bank in this State as the result of defendant’s aforesaid overt act. The act of defendant was his direction to the New York representative of the Bank of America at its New York office to deposit these checks, which he turned over to the representative with deposit tickets, and to credit the proceeds to his personal account in the California bank. In accordance with the usual transfer practice of the New York office, the checks were taken to Manufacturers Hanover Trust Co. in this city for clearance and deposit in the Bank of America account in that bank, there being an exchange arrangement between Manufaeturérs and Bank of America. The Grand Jury minutes disclose that the entire stock issue was not sold within the prescribed period and that such moneys as were in the escrow account were being *709 returned to subscribers, but that these particular funds, credited to defendant’s personal account in the California bank, had been withdrawn and were never returned to these two subscribers.
Clearly, then, there was a sufficient overt act committed by this defendant in the State as part of the secretion of trust funds (the § 1302 larceny counts), and as part of the deposit of funds arising from the sale of securities for defendant’s personal account contrary to the representation that they would be deposited in an escrow account (the General Business Law counts) and also as part of the completed act of stealing or appropriation (the § 1290 larceny counts). The acts in New York may, as to the former two groups of counts, even be deemed to constitute the crime involved, but in any event are so related to the crimes charged in all the counts that they would amount to an attempt.
The holding in People v. Werblow (supra) is clearly distinguishable factually. There it was found that only an act in preparation for the larceny abroad had been here committed. The court determined that such an overt act of preparation merely or in furtherance of a conspiracy but ‘ ‘ not a constituent of the executed larceny ” (p. 61), could not confer jurisdiction on the courts of this State of the executed larceny (though pointing out that it could for the crime of conspiracy, if charged). Here, defendant’s act in this State of direction for deposit into his personal account in violation of the escrow agreement, which, moreover, resulted in the clearance of the checks and the transfer of the funds represented by the checks in this State, must be held to be a constituent of the executed larceny, and surely so under the statutory definition of a section 1302 larceny.
The counts in the indictment are consistent with one another, charging in effect but a single crime though alternatively and in varying forms. At this stage of the proceeding it is unnecessary to analyze each of them more closely for the purpose of distinguishing them. That function will be for the trial court in determining which counts are to be submitted to the trial jury. All that is presently decided is that our courts have jurisdiction of the crimes charged in the indictment and that, if unexplained and uncontradicted, the evidence before the Grand Jury would warrant a conviction by the trial jury (Code Grim. Pro., § 251).
Accordingly, the motion is in all respects denied.